MELINDA HAAG (CSBN 132612)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6967
    Facsimile:  (415) 436-6748
    Email: jennifer.s.wang@usdoj.gov

Attorneys for the Federal Defendant


SUSAN M. BENSON, CSBN 146837
Susan M. Benson & Associates, LLP

    6345 Balboa Blvd, Suite 384, Bldg IV
    Encino, California 91316
    Telephone: (818) 708-1250
    Facsimile: (818) 708-1444
    Email: sbenson@bensonlegal.net

Attorneys for Plaintiff Mid Century Insurance Company


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MID CENTURY INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | No. C 10-3228 SC <br><br> **STIPULATION AND AGREEMENT OF COMPROMISE AND [PROPOSED] ORDER** |

IT IS HEREBY STIPULATED by and between the undersigned plaintiff, Mid Century Insurance Company, and the United States of America, by and through their respective attorneys, as follows:

    WHEREAS, plaintiff filed the above-captioned action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*;

STIPULATION AND AGREEMENT OF COMPROMISE AND [PROPOSED] ORDER
No. C 10-3228 SC

WHEREAS, plaintiff and defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised in this action, which have transpired prior to the execution of this Agreement;

WHEREAS, plaintiff represents that it submitted an administrative claim with the United States Postal Service dated October 27, 2009, for claim number 099 SUB 1014788153-1 (USPS File No. TC200949005);

WHEREAS, plaintiff represents that it provided insurance coverage to Javier Sanchez, insuring his 2002 Toyota Land Cruiser, California License 5ANK918, on or about August 10, 2009; and

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the parties agree as follows:

1. The parties hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to *Mid Century Insurance Co. v. United States of America*, United States District Court for the Northern District of California Case Number C10-3228 SC (the "Lawsuit"), under the terms and conditions set forth herein.

2. The United States of America agrees to pay the sum of Three Hundred Fifty Dollars and Zero Cents ($350.00) (the "Settlement Amount"), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, whether known or unknown, foreseen or unforeseen, for damage to property arising from the same subject matter that gave rise to the Lawsuit, for which plaintiff or its guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agencies, agents, servants, and employees.

3. Plaintiff and its guardians, heirs, executors, administrators, and assigns hereby agree to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, whether known or

unknown, foreseen or unforeseen, for damage to property arising from the same subject matter that gave rise to the Lawsuit, for which plaintiff or its heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agencies, agents, servants, and employees. Plaintiff and its guardians, heirs, executors, administrators, or assigns further agree to reimburse, indemnify, and hold harmless the United States of America, its agencies, agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiff or its guardians, heirs, executors, administrators, or assigns against any third party or against the United States of America. Plaintiff and its guardians, heirs, executors, administrators, and assigns agree to defend, reimburse, and indemnify the United States of America, its agencies, agents, servants, and employees from and against any and all such causes of action, claims or lawsuits by a party insured by plaintiff asserting a claim or right that is the subject matter of the subrogation claim in the Lawsuit, including, but not limited to, claims for the insured's deductible amount.

4. This Agreement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiff. This Agreement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

5. This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by this Agreement.

6. The Settlement Amount represents the entire amount of the compromise settlement. The parties will each bear their own costs, attorneys' fees, and expenses, and any attorneys' fees or liens owed by plaintiff will be paid out of the Settlement Amount and not in addition thereto.

7. It is also understood by plaintiff that, pursuant to Title 28, Section 2678 of the United States Code, attorneys' fees for services rendered in connection with this Lawsuit shall

not exceed 25 percent of the Settlement Amount.

8. Payment of the Settlement Amount will be made by check made payable to plaintiff, Mid Century Insurance Company, and plaintiff's attorney, Susan M. Benson & Associates, LLP. The check will be mailed to plaintiff's attorney at the following address: Susan M. Benson & Associates, LLP, 6345 Balboa Blvd., Suite 384, Building IV, Encino, CA 91316. Plaintiff's attorney agrees to distribute the settlement proceeds to plaintiff.

9. In consideration of the payment referred to in Paragraph 2, plaintiff agrees that, immediately upon execution of this Agreement, it will execute a Stipulation of Dismissal, which shall dismiss, with prejudice, all claims asserted in the Lawsuit or any claims that could have been asserted in the Lawsuit, which is captioned *Mid Century Insurance Co. v. United States of America,* C10-3228 SC. The fully executed Stipulations of Dismissal will be held by counsel for the defendant and will be filed with the Court upon receipt by plaintiff's counsel of the settlement sum described in Paragraph 2.

10. Plaintiff and its attorney have been informed that payment of the Settlement Amount may take sixty days or more from the date that the Court "so orders" this Agreement to process.

11. If any withholding or income tax liability is imposed upon plaintiff based on payment of the settlement sum as set forth herein, plaintiff shall be solely responsible for paying any such liability. Plaintiff, and its attorneys, will indemnify and hold harmless the defendant from any liability the defendant may incur from any government agency arising out of any failure by plaintiff to pay any tax liability it might be responsible for from any government agency.

12. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, plaintiff shall not seek to rescind the Agreement and pursue its original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in the United States District Court. The parties agree that the United States District Court will retain jurisdiction over this matter for purposes of resolving any dispute alleging a breach of this Agreement.

13. In consideration of payment of the Settlement Amount and this Agreement,

plaintiff hereby releases and forever discharges the United States of America and any and all of its past and present officials, employees, agencies, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, actions, causes of action, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in the pleadings in the Lawsuit.

14. California Civil Code Section provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by its attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights it may have pursuant to Section 1542 and any similar provisions of federal law. Plaintiff understands that, if the facts concerning its injuries and the liability of the defendant for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed to be true, this Agreement shall be and remain effective notwithstanding such difference.

15. Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all parties to this Agreement and shall not, therefore, be construed against any party for that reason in any subsequent dispute.

16. The persons signing this Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

17. Plaintiff warrants and represents that it has been assigned all of the rights, title, and interest for the deductible paid by the insured, Javier Sanchez, arising from the subject incident of August 10, 2009 and the same subject matter that gave rise to the Lawsuit.

18. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

19. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this Agreement has been freely and voluntarily entered into by the parties with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified, amended, or otherwise changed in any respect except by writing, duly executed by all parties and their authorized representatives.

Dated: ~~March~~ April 18th, 2011

_/s/ Maureen M Schulz_
MID CENTURY INSURANCE CO.
Plaintiff

Dated: March 31, 2011

_/s/ Susan M. Benson_
SUSAN M. BENSON
Attorney for Plaintiff

MELINDA HAAG
United States Attorney

Dated: ~~March~~ May 5, 2011

_/s/ Jennifer S Wang_
JENNIFER S WANG
Assistant United States Attorney
Attorneys for Defendant

[~~PROPOSED~~] ORDER

THE ABOVE SETTLEMENT AGREEMENT IS APPROVED, AND IT IS SO ORDERED.

Dated: May 9, 2011

IT IS SO ORDERED
Judge Samuel Conti

STIPULATION AND AGREEMENT OF COMPROMISE AND [PROPOSED] ORDER
No. C 10-3228 SC
6

2F6027